UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA RYAN MURPHY                                                    PLAINTIFF
ADC #760343

V.                    No. 3:20CV00011-DPM-JTR

BRADLEY, Warden,
McPherson Unit, *et al.*                                           DEFENDANTS

# ORDER

Plaintiff Lisa Ryan Murphy ("Murphy") is a prisoner in the McPherson Unit of the Arkansas Department of Correction ("ADC"). She has filed a *pro se* § 1983 Complaint alleging that Defendants violated her constitutional rights. *Doc. 2.* Before Murphy may proceed with this case, the Court must screen her claims.[1]

Murphy alleges that Defendants are being deliberately indifferent to her "potentially deadly" heart condition in retaliation for prior legal actions she has filed against them. Specifically, she alleges that: (1) Defendants Dr. Hughes, APN Hutchinson, DON Baker, Dr. Steive, Dr. Griffen, and Nurse Kizer have discontinued

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

or refuse to provide treatment for her diagnosed heart disease, which causes pain, vomiting, dizzy spells, shortness of breath, sweating, an elevated heart rate, palpitations, and weakness; and (2) Defendants Warden Bradley, Warden Hearington, Major Leuis and Captain Swift have refused to help after being informed of medical staff's denial of treatment. As relief, she seeks monetary damages and injunctive relief.

Murphy is a three-striker under 28 U.S.C. § 1915(g).[2] In a separate Order (*Doc. 3)*, the Court has determined that Murphy's allegations are sufficient to satisfy the "imminent danger" exception to the three-strikes rule. *See id.* (providing that prisoner who has had three or more cases dismissed as frivolous, malicious or for failure to state a claim, should, nevertheless, be granted permission to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury").

The Court also concludes, *for screening purposes only*, that Murphy has pled viable § 1983 claims against each of the Defendants based on those allegations. Thus, service will be ordered.

IT IS THEREFORE ORDERED THAT:

---

[2]*See, e.g., Murphy v. Faust,* No. 1:14-cv-00127-JM (E.D. Ark. Nov. 18, 2014) (dismissing for failure to state a claim); *Murphy v. Culclager,* No. 1:15-cv-00027-BSM (E.D. Ark. June 5, 2015) (same)*; Murphy v. Kelly,* No. 1:15-cv-00044-JM (E.D. Ark. Apr. 27, 2015) (same); *Murphy v. Robinson,* No. 1:15-cv-00047-JM (E.D. Ark. June 24, 2015) (dismissing as frivolous); *Murphy v. Fisk,* No. 1:15-cv-00050-BSM (E.D. Ark. July 24, 2015) (dismissing for failure to state a claim).

1. Murphy may PROCEED with her § 1983 claims against Dr. Hughes, APN Hutchinson, DON Baker, Dr. Steive, Dr. Griffen, Nurse Kizer, Warden Bradley, Warden Hearington, Major Leuis, and Captain Swift.

2. The Clerk is directed to prepare a summons for Hughes, Hutchinson, Baker, Steive, Griffen, and Kizer. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2*), and this Order, on Hughes, Hutchinson, Baker, Steive, Griffen, and Kizer through the Humphries, Odum & Eubanks law firm without prepayment of fees and costs or security therefor.

3. The Clerk is directed to prepare a summons for Bradley, Hearington, Leuis, and Swift. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2*), and this Order, on Bradley, Hearington, Leuis, and Swift through the ADC Compliance Division without prepayment of fees and costs or security therefor.

4. If any Defendant is no longer employed by the ADC or its healthcare provider, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.

DATED this 23rd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE