UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LISA RYAN MURPHY                                           PLAINTIFF
ADC #760343

V.                          No. 3:20CV00011-DPM-JTR

BRADLEY, Warden,
McPherson Unit, *et al.*                                   DEFENDANTS

**ORDER**

Plaintiff Lisa Ryan Murphy ("Murphy"), a prisoner in the McPherson Unit of

the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint

alleging that Defendants violated her constitutional rights. *Doc. 2.* Several matters

are pending.

**I. Murphy's Motion for Status**

All Defendants, except for Dr. Griffen, have filed their Answers. *Docs. 8 &*

*10.*[1] The Clerk will be directed to amend the docket sheet to reflect the full and

correct names of several Defendants, as stated in their Answers. Thus, Murphy's

Motion for Status (*Doc. 5)* is DENIED as moot.

---

[1]Murphy has dismissed her claims against Defendants Baker and Kizer. *Docs. 26 & 31.*

## II. Murphy's Motion to Strike[2] Her Motion to Dismiss Claims Against Defendants Louis and Swift

Murphy has moved to strike her earlier motion to dismiss her claims against Defendants Louis and Swift. *Doc. 20.* Murphy's Motion to Strike (*Doc. 20)* her Motion to Dismiss (*Doc. 6)* is GRANTED. She will be allowed to proceed with her claims against Defendants Louis and Swift.

## III. Murphy's Motion for Scheduling Order

Murphy has filed a Motion for Expeditious Trial, which the Court construes as a Motion for Scheduling Order. *Doc. 25.* This Motion is GRANTED. The Court will enter a separate Scheduling Order setting deadlines for conducting discovery and filing dispositive motions.

## IV. Murphy's Motion for Appointment of Counsel

Murphy has filed a Motion for Appointment of Counsel. *Doc. 23*. A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if a *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*,

---

[2]Murph mischaracterized this pleading as a "Motion Requesting to Quash Motion to Dismiss."

788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

Murphy alleges that Defendants are being deliberately indifferent to her heart condition in retaliation for prior legal actions she has filed against them. Although serious, these claims are not legally or factually complex. Furthermore, Murphy is an experienced litigator, as demonstrated by the way she has presented her claims without the benefit of appointed counsel.[3]

Thus, after carefully weighing the pertinent factors, the Court concludes that they do not support the appointment of counsel. Accordingly, Murphy's Motion (*Doc. 23*) is DENIED.

## V. ADC Defendants' Motion for Summary Judgment

Defendants Bradley, Herrington, Louis, and Swift ("ADC Defendants") have filed a Motion for Summary Judgment on the issue of exhaustion, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 28, 29 & 30.* Murphy has a right to file a Response to that Motion.

---

[3]According to the Court's records, Murphy has initiated 71 civil rights cases in this District since 2003.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Murphy's Response should include her legal arguments, as well as affidavits,[4] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Murphy must separately file a "short and concise statement of material facts as to which [she] contends a genuine dispute exists to be tried." Murphy's "Statement of Disputed Facts" must state whether she "agrees" or "disagrees" with the factual statements in *each* of the numbered paragraphs in ADC Defendants' Statement of Undisputed Facts (*Doc. 30*). **If Murphy disagrees with any of the facts in ADC Defendants' Statement of Undisputed Facts, she *must*: (1) identify each numbered paragraph that contains the facts she disputes; (2) for each paragraph, explain *why* she disputes those facts; *and* (3) include a citation to the evidence she is relying on to support her version of the disputed fact.** If Murphy relies on documents that have been previously filed in the record, she must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Murphy's factual contentions. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d

---

[4]The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

## VI. Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Murphy's Motion for Status (*Doc. 5*) is DENIED as moot. The Clerk is directed to send her a copy of this Order and an updated docket sheet.

2.     The Clerk is directed to amend the docket sheet to reflect the full and correct names of the following Defendants, as stated in their Answers: "Bradley" is now Toni Bradley; "Hearington" is now John Herrington; "Leuis" is now Linda Louis; "Swift" is now Johnnie Swift; "Hughes" is now Dr. Joseph Hughes; "Hutchinson" is now Betty Hutchinson; and "Steive" is now Dr. Jeffrey Stieve.

3.     Murphy's Motion to Strike (*Doc. 20*) her Motion to Dismiss Defendants Louis and Smith (*Doc. 6)* is GRANTED.

4.     Murphy's Motion for Scheduling Order (*Doc. 25)* is GRANTED.

5.     Murphy's Motion to Appoint Counsel (*Doc. 23)* is DENIED.

6.     Murphy has until and including **June 5**, **2020,** to file a Response to ADC Defendants' Motion for Summary Judgment (*Doc. 28)* and a separate Statement of Disputed Facts that comply with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions in this Order.

7.     Murphy is advised that the failure to timely and properly file a Response and Statement of Disputed Facts will result in: (a) all of the facts in ADC Defendants' Statement of Undisputed Facts being deemed undisputed; and (b) the possible dismissal of the claims against those Defendants, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 5th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE